# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEVEN WAYNE HARRIS, #41321, | * | |
| Petitioner | * | |
| v. | * | Civil Action No. PJM-18-280 |
| GARRETT COUNTY DISTRICT COURT and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND, | * * | |
| Respondents | | |

\*\*\*

## MEMORANDUM OPINION

Petitioner Steven Wayne Harris, presently incarcerated at the Garrett County Detention Center, filed a Petition for Writ of Habeas Corpus. ECF 2. He attacks his September 20, 2017 conviction in the District Court for Garrett County, Maryland for fourth-degree sexual offense. *Id.* Respondents have filed an Answer and offered the docket sheet outlining proceedings relating to Harris's criminal case. ECF 6. Harris has not replied. ECF 8. After reviewing the Petition and Answer, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts; see also* 28 U.S.C. § 2254(e)(2). For the reasons set forth below, the Petition shall be denied without prejudice and a certificate of appealability shall not issue.

On September 20, 2017, Harris pleaded guilty to one count of fourth-degree sexual offense, and was sentenced to three years of incarceration with 18 months suspended and two years' probation. ECF 6-1; ECF 2 at 1-2. He asserts that his conviction and sentence are unjustified because: (1) he should not have sentenced as a subsequent or repeat offender; (2) the prosecutor and judge held a "grudge" because of his previous conviction to burn down the

prosecutor's home and office; (3) DNA testing was not done; and (4) his sentence, which also includes three years of supervised probation and registration as a sex offender, is disproportionate for a misdemeanor conviction. ECF 1 at 1. He asks this Court to reduce his sentence to time served and strike the requirement for probation, on grounds that his misdemeanor sentence should not have exceeded one year. ECF 1 at 2.

When seeking federal habeas corpus relief under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings.

To exhaust a claim on direct appeal in non-capital cases, it must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a petition for writ of certiorari. *See* Md. Cts. & Jud. Proc. Code Ann., §§ 12-201 and 12-301. If an appeal of right is not permitted, as in cases where a guilty plea is entered, exhaustion can be accomplished by filing an application for leave to appeal to the Court of Special Appeals. *See* Md. Cts. & Jud. Proc. Code Ann., § 12-302(e). If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See* Md. Cts. & Jud. Proc. Code Ann., § 12-202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. *Williams v. State*, 292 Md. 201, 210-11 (1981).

In the form Petition and Respondents' exhibit, it is apparent that Harris did not seek to appeal his sentence and has not presented his claims through the State post-conviction process Thus, it is clear the claims asserted are unexhausted and must be dismissed without prejudice.[1]

When this Court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). Harris fails to meet this standard.

For these reasons, a separate Order shall be entered dismissing the Petition without prejudice and denying a certificate of appealability.

August 7, 2018

_____/s/_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

---

[1] Because the claims are unexhausted, the Court declines to examine whether they are constitutionally cognizable. Claims that do not assert a violation of federal or constitutional law generally provide no basis for habeas corpus relief under 28 U.S.C. § 2254(d)(1), and thus are not cognizable in federal court. *See generally Wilson v. Corcoran*, 131 S. Ct. 13, 14 (2011) ("Federal courts may not issue writs of habeas corpus to state prisoners whose confinement does not violate federal law."); *Spencer v. Murray*, 18 F.3d 237, 239-40 (4th Cir. 1994) (claim regarding admissibility of evidence that neither relied upon a constitutional provision, nor mentioned a constitutional right as infringed, did not state federal claim).